IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Moses Wilkerson, ) | |
| ) | |
| Petitioner, ) | C/A No.: 8:18-cv-00715-TMC-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Williamsburg Federal ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent.[1] ) | |

This matter is before the Court on Respondent's motion to dismiss or, in the alternative, motion for summary judgment. [S.C. Doc. 17.] Petitioner is a federal prisoner, proceeding pro se, who seeks relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant habeas Petition and submit findings and recommendations to the District Court.

---

[1]This caption represents the current parties to the litigation. Although the case had initially been captioned to include the United States as Respondent, on March 19, 2018, the undersigned directed the Clerk of Court to "add to the docket the Warden of Williamsburg Correctional Institution as the Respondent, and to terminate the United States . . ., because a prisoner's custodian is the proper respondent in a habeas corpus action." [S.C. Doc. 5 at 2.] Citations to "S.C. Doc." refer to the present action, whereas citations to "N.C. Doc." refer to *United States v. Wilkerson*, No. 5:96-cr-167-H-1, from the Eastern District of North Carolina.

Petitioner filed this Petition for writ of habeas corpus on March 12, 2018.[2]  [S.C. Doc. 1.]  On June 14, 2018, Respondent filed a return and memorandum [S.C. Doc. 16] and a motion to dismiss the Petition or, alternatively, for summary judgment [S.C. Doc. 17].  On June 20, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond.  [S.C. Doc. 19.]  Petitioner filed a "Memorandum of Law in Support" of his Petition on June 27, 2018.  [S.C. Doc. 21 (signed by Petitioner on June 27, 2018).]  Petitioner also filed a response to Respondent's motion on July 25, 2018.[3]  [S.C. Docs. 23; 23-3 at 2 (envelope stamped by correctional institution on July 25, 2018).]  Accordingly, Respondent's motion is ripe for review.

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion be granted and Petitioner's Petition be dismissed.

---

[2]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 12, 2018.  [S.C. Doc. 1-2 at 2 (envelope stamped by correctional institution on March 12, 2018).]

[3]Petitioner clarifies in a letter to the Court that he did not intend his memorandum of law in support of his Petition [S.C. Doc. 21] to be his response to Respondent's motion.  [S.C. Doc. 24.]  Petitioner also asserts that he mailed his response to Respondent's motion on July 22, 2018.  The Court assumes, without deciding, that all of Petitioner's filings were timely.

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

Petitioner was indicted in 1996 for, among other offenses, one count of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, and three counts of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). [N.C. Doc. 3.] Following a jury trial, Petitioner was convicted of those four counts. [N.C. Doc. 102.] He was sentenced to life imprisonment on the conspiracy count, and to consecutive sentences of 60, 240, and 240 months on the three weapons offenses. [*Id.*]

Petitioner unsuccessfully appealed his convictions and sentence, *United States v. Wilkerson*, No. 97-4720, 1999 WL 104596, at *1 (4th Cir. Mar. 2, 1999), and the Supreme Court denied certiorari, *United States v. Wilkerson*, 528 U.S. 927 (1999).

On December 13, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, relying on the Supreme Court's then-recent decision in *United States v. Booker*, 543 U.S. 220 (2005). [N.C. Doc. 144.] On the government's motion, the district court dismissed the § 2255 motion as untimely, concluding that *Booker* was not applicable to Petitioner's case because his conviction became final before *Booker* was issued. *Wilkerson v. United States*, No. 5:96-cr-167-1H, 2006 WL 8436618, at *1 (E.D.N.C. May 15, 2006). Wilkerson did not appeal.

Petitioner then filed a 28 U.S.C. § 2241 petition in 2016 in the District of South Carolina. The district court summarily dismissed the petition, ruling that § 2255's savings clause was not satisfied. *Wilkerson v. Warden of FCI Williamsburg*, No. 8:16-2303-TMC, 2016 WL 4761618 (D.S.C. Sept. 13, 2016).

Now Petitioner has filed another § 2241 Petition. [S.C. Doc. 1.] He alleges several grounds for relief. He complains generally that his sentence is "severely harsh and unjust," and that he "was severely sentenced due to his choosing to go to jury trial." [S.C. Doc. 1-3 at 8–9.].

Petitioner also claims that the life sentence that he received for his conspiracy conviction was based on the district court judge's own factual finding that Petitioner committed a murder as part of his relevant conduct of the offenses for which he was being sentenced. He argues that using the murder finding to determine his guideline range was improper for two reasons: (1) he was never indicted for the murder by a federal grand jury or found guilty of the murder beyond a reasonable doubt by a federal petit jury, as he maintains would be required by *Alleyne v. United States*, 570 U.S. 99 (2013), and (2) he had been found not guilty of the murder in question in a prior trial in North Carolina state court. [S.C. Doc. 1 at 1–10.].

Petitioner further maintains that his sentence is erroneous in light of the recently issued decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), wherein the Supreme Court held that a sentencing court is free, in determining the sentence to impose for a predicate count, to consider the mandatory minimum sentences that the defendant will receive for his § 924(c) offenses. [S.C. Doc. 1 at 1–6.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may only rely on the allegations in the petition and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." While a [petition] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [petitioner's] obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [petition] are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he

6

pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [respondent] has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the [respondent's] liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 (Where a petition pleads facts that are merely consistent with a respondent's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617

F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The United States Court of Appeals for the Fourth Circuit recently held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner is unable to satisfy this test. Regarding the first three claims—that his sentence was cruel, that he was sentenced for not pleading guilty, and that his guideline range was based in part on the district court's factual finding that he committed a murder—Petitioner makes no attempt to point to any change in the law since his sentencing

that retroactively applies to him.[4]  He therefore fails to meet the requirements of § 2255's savings clause concerning these claims.

Petitioner specifically points to *Dean* as marking a significant change in the law from the time he was sentenced.  Even assuming that he is correct on that point, however, *Dean* has not been deemed to apply retroactively to sentences attacked via § 2255.  *See, e.g.*, *United States v. Dean*, No. 3:08-479-CMC, 2017 WL 6349834, at *2 (D.S.C. Dec. 13, 2017) (*Dean*'s holding has not been declared retroactively available to cases on collateral review, and therefore does not provide an avenue for Defendant to challenge his sentence."); *United States v. Adams*, No. 7:06-cr-00022-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017); *Morban-Lopez v. United States*, No. 3:17-cv-237-GCM, 2017 WL 2682081, at *2 n.2 (W.D.N.C. June 21, 2017).  Thus, he fails to meet the requirements of § 2255's savings clause with regard to his *Dean* claim as well.[5]

---

[4]It appears that Petitioner may be arguing that under *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury"), for his guideline range to be properly based on his commission of a murder, he would have to have been indicted for that murder by a federal grand jury and found guilty of the murder beyond a reasonable doubt.  [Doc. 1 at 6–11.]  However, Petitioner does not contend that the *Alleyne* rule "has been deemed to apply retroactively on collateral review."  *Wheeler*, 886 at F.3d at 429.  Nor could he.  Indeed, several district courts in this circuit have ruled that *Alleyne* does not apply retroactively to sentences attacked via § 2255.  *See, e.g.*, *Hannigan v. United States*, 131 F. Supp. 3d 480, 486 (E.D.N.C. 2015) ("*Alleyne* is not retroactively applicable to cases on collateral review.").

[5]Petitioner asserts that his sentence should be vacated under authority of *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (allowing a reduction of the defendant's "excessive" sentence "in the spirit of fairness").  However, "the Fourth Circuit has not approved the rationale in *Holloway*.  *United States v. Carrizoza*, 2017 WL 2951920, at *2 (W.D.N.C. July 10, 2017); *see Green v. United States*, 2017 WL 679644, at *3 (D.S.C. Feb. 12, 2017) ("Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions.").

Because Petitioner cannot satisfy all of *Wheeler*'s elements for § 2255's savings clause with regard to any of his claims, Petitioner has not raised a claim that may be presented in a § 2241 petition, and this Court lacks jurisdiction to consider his § 2241 Petition.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion [S.C. Doc. 17] be GRANTED and that the Petition [S.C. Doc. 1] be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 24, 2018
Greenville, South Carolina