```
UNITED STATES DISTRICT COURT FOR THE
   NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT MOSES WILKERSON,**

  **Petitioner,**

 **v.**          **Civil Action No. 1:18CV211**
                **(Judge Keeley)**

**WARDEN WILLIAMSBURG FEDERAL**
**CORRECTIONAL INSTITUTION,**

  **Respondent.**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

On November 16, 2018, the Honorable Timothy M. Cain, United States District Judge for the District of South Carolina, transferred the instant case to this Court after concluding that he lacked jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by the petitioner, Robert Moses Wilkerson ("Wilkerson") (Dkt. No. 30).[1] Because this transfer raised a significant question of personal jurisdiction, the Court appointed counsel to represent Wilkerson (Dkt. No. 35).[2] For the reasons that follow, the Court concludes that it has personal

---

[1] Unless otherwise noted, all docket numbers refer to Civil Action No. 1:18cv211 and all page numbers refer to the numbers assigned by the Court's electronic docket.

[2] The Court appointed the United States Supreme Court Law Clinic at the West Virginia University College of Law (Dkt. No. 30). The Court thanks Professor Lawrence Rosenberg and the students of the Clinic for their able and generous service in briefing and arguing the difficult issues in this case.

**WILKERSON V. WARDEN**                                          **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

jurisdiction over the parties but lacks subject matter jurisdiction to adjudicate Wilkerson's § 2241 petition. Accordingly, it **DISMISSES WITHOUT PREJUDICE** Wilkerson's petition (Dkt. No. 1), and **DENIES AS MOOT** his motion for leave to proceed in forma pauperis (Dkt. No. 39).

## I. BACKGROUND

**A.    Wilkerson's Conviction and Sentence**

In 1997, a federal jury in the Eastern District of North Carolina convicted Wilkerson of conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Count One), and three counts of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Two, Three, and Eight) (E.D.N.C. No. 5:96cr167, Dkt. No. 3) (Dkt. No. 25 at 3). Wilkerson received a sentence of life in prison as to Count One, 5 years of incarceration as to Count Two, 20 years of incarceration as to Count Three (to be served consecutively to Counts One and Two), and 20 years of incarceration as to Count Eight (to be served consecutively to Counts One, Two, and Three) (E.D.N.C. No. 5:96cr167, Dkt. No. 102). The United States Court of Appeals for

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

the Fourth Circuit later affirmed Wilkerson's convictions and sentence (E.D.N.C. No. 5:96cr167, Dkt. No. 108).

In December 2005, Wilkerson filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence (E.D.N.C. No. 5:96cr167, Dkt. No. 144). Deeming the motion to have been untimely filed, the trial court dismissed it for lack of subject matter jurisdiction (E.D.N.C. No. 5:96cr167, Dkt. No. 151). Wilkerson did not appeal this dismissal.

**B.	Relevant Procedural Background**

On March 15, 2018, Wilkerson filed the instant petition under 28 U.S.C. § 2241 in the District of South Carolina, where he was then confined (Dkt. Nos. 1, 1-3). On June 14, 2018, the respondent, the Warden of Federal Correctional Institution Williamsburg ("Warden"), moved to dismiss Wilkerson's § 2241 petition (Dkt. No. 17). Following a full briefing, a United States magistrate judge recommended that the district court grant the motion and dismiss the petition (Dkt. No. 25).

The district court rejected this recommendation, however, and transferred the case to this Court based on the fact that, some time after Wilkerson had filed his § 2241 petition, the Bureau of

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

Prisons ("BOP") transferred him to FCI Gilmer, located in this District. The district court concluded that Wilkerson's transfer deprived it of personal jurisdiction (Dkt. No. 30).

Confronted with the significant question of personal jurisdiction raised in this case, this Court appointed counsel for Wilkerson to address whether the Court has personal jurisdiction over Wilkerson's habeas petition (Dkt. No. 35). The matter is fully briefed (Dkt. Nos. 58, 60, 67), and the Court has heard oral argument (Dkt. No. 69). For the following reasons, it concludes that it has personal jurisdiction over the parties, but lacks subject matter jurisdiction under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). It further declines to construe Wilkerson's § 2241 petition as a writ of coram nobis.

## II. DISCUSSION

**A.   Personal Jurisdiction**

The first question presented is whether the Court has personal jurisdiction over the parties, where Wilkerson's § 2241 habeas petition was properly filed in his then district of confinement, the District of South Carolina, and named the proper respondent, the Warden of FCI Williamsburg.

4

**WILKERSON V. WARDEN**                                          **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

**i.   Governing Law**

Unlike § 2255, which gives federal prisoners the opportunity to collaterally attack their conviction or sentence, § 2241 gives them the opportunity to challenge the execution of their sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (noting that "attacks on the execution of a sentence are properly raised in a § 2241 petition"). When a prisoner "challeng[es] [his or her] present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447.

What happens when a prisoner files a § 2241 petition in his district of confinement and names the proper respondent, but is later transferred to another district by the BOP during the pendency of his petition is a question on which federal courts have vigorously disagreed. Although the Fourth Circuit has not yet addressed this question in a published opinion, it has noted that "[j]urisdiction is determined at the time an action is filed;

5

**WILKERSON V. WARDEN**                                            **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564 (4th Cir. 1994) (unpublished table decision) (citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)).

Ever since the Supreme Court of the United States decided Rumsfeld, courts have debated whether a prisoner's subsequent transfer destroys personal jurisdiction over a properly-filed § 2241 habeas petition. See, e.g., Warren v. United States of Am., Inc., No. 3:10-1245-MBS-JRM, 2011 WL 4435655, at *4 (D.S.C. Sept. 23, 2011) (compiling cases from the District of South Carolina). Indeed, the district judge who transferred the instant case to this Court has reached conflicting decisions on the same question. Compare Hanson v. Antonelli, No. 6:18-1631-TMC, 2018 WL 4870889, at *3-4 (D.S.C. Oct. 9, 2018) (Cain, J.) (concluding that "habeas jurisdiction, once properly attained under § 2241, is not defeated by the subsequent transfer of the petitioner outside of the district in which the petition was filed") with Wilkerson v. Warden of Williamsburg Fed. Corr. Inst., No. 8:18-cv-715-TMC, 2018 WL 6018879, at *1-2 (D.S.C. Nov. 16, 2018) (Cain, J.) (concluding that

**WILKERSON V. WARDEN** 1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

Wilkerson's subsequent transfer was "fatal to habeas jurisdiction" and transferring the case to this District).

The significant consequences to petitioners resulting from the conflicting decisions of federal courts on this question are well illustrated in the case of Griffin v. Ebbert, 751 F.3d 288 (5th Cir. 2014). In 2007, the petitioner, Griffin, filed a § 2241 petition in the Middle District of Pennsylvania, his then district of confinement. Griffin, 751 F.3d at 289. The district court "dismissed the petition without prejudice, holding that it lacked jurisdiction because Griffin's immediate custodian was outside the Middle District of Pennsylvania." Id. In 2009, the United States Court of Appeals for the Third Circuit reversed the district court, "holding that jurisdiction over a habeas petition is determined when the petition is properly filed." Id. The circuit court remanded the case to the Middle District of Pennsylvania, but instructed that court to transfer it to the District of Minnesota, where Griffin's prison records were located. Id.

After the District of Minnesota received the case in 2010, but before it could reach the merits of the issues raised in the petition, the BOP transferred Griffin to a federal prison in

**WILKERSON V. WARDEN**                                                1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

Illinois and later to a federal prison in Mississippi. Id. at 289-90. As a consequence of these transfers, in 2011, the District of Minnesota concluded that it lacked jurisdiction over Griffin's § 2241 petition and transferred it to the Southern District of Mississippi, where Griffin was then incarcerated. Id. at 290. But that district court dismissed the petition later the same year after concluding that personal jurisdiction had attached in the Middle District of Pennsylvania, where Griffin had originally filed his petition, and that such jurisdiction was not destroyed by his subsequent transfers to federal prisons in Minnesota and Mississippi. Id.

On appeal, the United States Court of Appeals for the Fifth Circuit agreed with the district court, concluding that "[j]urisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." Id. (compiling cases). It therefore vacated the dismissal order and transferred the case to the Middle District of Pennsylvania. Id.

After finding his case returned to the court where he had originally filed it in 2007, Griffin eventually obtained a ruling

8

**WILKERSON V. WARDEN**                                                1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

on the merits of his § 2241 petition in 2014. That ruling was ultimately affirmed by the Third Circuit in 2016. Griffin v. Ebbert, No. 3:CV-07-2239, 2014 WL 3405851 (M.D. Pa. July 11, 2014), aff'd, 640 Fed. App'x 181 (3d Cir. 2016).

Although Griffin's numerous transfers within the BOP delayed a ruling on the merits of his § 2241 petition for nearly seven years, it could have been worse. Had the subsequent transfers deprived the Middle District of Pennsylvania of personal jurisdiction over Griffin, the BOP could have perpetuated "a vicious circle of litigation" on his habeas petition simply by continuing to move him before a court could rule on the merits of his petition. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citations omitted).

**ii. Law-of-the-Case Doctrine**

Here, although not where he initially filed his petition, Wilkerson contends that this Court possesses personal jurisdiction over the parties under the law-of-the-case doctrine (Dkt. No. 58 at 4-20).[3] Under the law-of-the-case doctrine, "'when a court decides

---

[3] The parties also contend that the Court has jurisdiction because Wilkerson renewed his § 2241 petition in this District (Dkt. Nos. 58 at 14-20, 60 at 4-5). But the Court struck this

9

**WILKERSON V. WARDEN**                                    **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Christianson, 486 U.S. at 816 (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues'" and "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." Id. (citations omitted).

Significantly, "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." Id. (compiling cases). There is good reason to do this. "[T]ransferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." Id. (citations omitted).

"That does not mean, however, that every borderline case must inevitably culminate in a perpetual game of jurisdictional ping-pong until [the Supreme Court] intervenes to resolve the

---

petition from the record after vacating the Clerk's notice of deficient pleading (which directed him to refile on the court-approved form), which had been erroneously entered absent the Court's consent (Dkt. No. 46).

**WILKERSON V. WARDEN** 1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURIDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

underlying jurisdictional dispute, or (more likely) until one of the parties surrenders to futility." Id. at 818. Indeed, a court "has the power to revisit prior decisions of its own or of a coordinate court in any circumstance," but "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Id. at 817 (quoting Arizona, 460 U.S. at 618 n.8).

Because "courts will rarely transfer cases over which they have clear jurisdiction, and close questions, by definition, never have clearly correct answers," under the law-of-the-case doctrine, the jurisdictional inquiry ends "if the transferee court can find the transfer decision plausible . . . ." Id. at 819 (citation omitted).

Here, despite the district court in South Carolina's likely error, its transfer order was not so "clearly erroneous" under existing case law as to work a manifest injustice in Wilkerson's case. Indeed, transferring this case back to the District of South Carolina would perpetuate the jurisdictional ping-pong that has already occurred and further delay a ruling on the merits.

**WILKERSON V. WARDEN                                              1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

Therefore, after considering the parties' arguments and relevant case law, the Court concludes that it has personal jurisdiction over the parties under the law-of-the-case doctrine.[4] It turns next to the second question presented, whether the Court has subject matter jurisdiction to decide the merits of Wilkerson's § 2241 petition.

**B.   Subject Matter Jurisdiction**

The Government contends that, although the Court may have personal jurisdiction, it lacks subject matter jurisdiction over Wilkerson's § 2241 petition because he is challenging his sentence, and his petition therefore is a second or successive § 2255 petition (Dkt. No. 60 at 3-8).

Although § 2255 bars federal prisoners from filing a second or successive § 2255 petition unless they satisfy the "gatekeeping provisions" of § 2255(h), the Fourth Circuit has held that, in limited circumstances, "a prisoner otherwise unable to file a

---

[4] The Court acknowledges that this ruling creates a split within the Northern District of West Virginia on whether transferee courts that disagree with jurisdictional rulings should transfer the case back to the transferor court. See Proffitt v. Lerose, No. 2:18cv125, Dkt. No. 12 (N.D. W. Va. Jan. 9, 2019) (Bailey, J.) (concluding that § 2241 petition was improvidently transferred and transferring case back to the transferor court).

12

**WILKERSON V. WARDEN**                                          1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

second or successive § 2255 petition may instead seek relief under 28 U.S.C. § 2241." <u>Lester v. Flournoy</u>, 909 F.3d 708, 711 (4th Cir. 2018) (citations omitted). "That's because § 2255, while generally blocking habeas petitions by federal prisoners outside that statute, permits such petitions when it appears that § 2255 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'" <u>Id.</u> (quoting § 2255(e)). "This clause is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." <u>Id.</u> (citation omitted).

In <u>Wheeler</u>, the Fourth Circuit "held that the savings clause could be used to challenge sentences, reasoning that the statutory language of the savings clause speaks of the legality of one's 'detention,' not simply one's 'conviction' or 'offense.'" <u>Id.</u> at 711-12 (citing <u>Wheeler</u>, 886 F.3d at 427-28). It further explained that

> § 2255 is inadequate and ineffective to test the legality of a sentence if the following four conditions are met:
>
> > (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

13

**WILKERSON V. WARDEN**                                             1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

>    (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed <u>and was deemed to apply retroactively on collateral review</u>;
>
>    (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>    (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Id.</u> at 712 (emphasis added) (quoting <u>Wheeler</u>, 886 F.3d at 429).

Here, Wilkerson contends that the Court has subject matter jurisdiction under <u>Wheeler</u> because <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017) applies retroactively on collateral review (Dkt. No. 67 at 7-14). However, courts that have addressed this question, including this Court, have concluded otherwise. See <u>Garcia v. United States</u>, 923 F.3d 1242, 1245 (9th Cir. 2019) (concluding <u>Dean</u> does not apply retroactively on collateral review); <u>In re Dockery</u>, 869 F.3d 356 (5th Cir. 2017) (denying authorization to file a successive § 2255 motion because it did not show that <u>Dean</u> announced a new rule of constitutional law that was made retroactive to cases on collateral review); <u>Harper v. United States</u>, No. 18-1202, 2019 WL 6321329, at *1, 6-7 (6th Cir. Nov. 26,

**WILKERSON V. WARDEN**                                          **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

2019) (concluding Dean does not apply retroactively on collateral review); Habeck v. United States, 741 Fed. App'x 953, 954 (4th Cir. 2018) (concluding that the petitioner failed "to meet the requirements of the savings clause because Dean has not been held to apply retroactively to cases on collateral review"); Adams v. Coakley, No. 1:17CV180, 2019 WL 3428549, at *3 (N.D. W. Va. July 30, 2019) (concluding that the petitioner's reliance on Dean was misplaced because courts have consistently held that it does not apply retroactively on collateral review); United States v. Robinson, Nos. 3:16cv349/LAC/HTC, 2019 WL 2016556, at *7 (N.D. Fla. Apr. 17, 2019) (compiling cases); United States v. Higgs, No. 3:16CR04-HEH, 2018 WL 4690895, at *2 (E.D. Va. Sept. 28, 2018) (compiling cases); Beasley v. Werlich, No. 18-cv-1125-DRH, 2018 WL 3348961, at *2 (S.D. Ill. July 9, 2018) (compiling cases).

"A new rule only applies retroactively on collateral review if '(1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Harper, 2019 WL 6321329, at *6 (quoting Whorton v. Bockting, 549 U.S. 406, 416 (2007)). As the Sixth Circuit explained in Harper, Dean is neither. Id. at 6-7.

**WILKERSON V. WARDEN** 1:18CV211

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

First, it is not a substantive rule because it "did not proscribe the punishment of certain conduct or prohibit a category of punishment for any class of defendants because of their status or offense." Id. at 6. Indeed, "[t]he rule set forth in Dean is permissive—not mandatory. When sentencing a defendant for a predicate § 924(c) offense, a sentencing court may consider the mandatory minimum sentence required by § 924(c). But the court is not required to do so." Id. Thus, "[s]entencing courts remain free to ultimately impose the exact same sentences as they may have before Dean." Id.

Second, Dean is not a watershed rule of criminal procedure because it does not "seriously diminish the likelihood of obtaining an accurate conviction" or "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Id. at 7 (cleaned up) (citations omitted). To be sure, "Dean has nothing to do with conviction accuracy. Rather, [it] was solely focused on sentencing courts' discretion to consider the mandatory minimum sentence under § 924(c) when imposing the sentence on the predicate offense." Id. "This is not the type of profound and sweeping change that alters our understanding of the bedrock

**WILKERSON V. WARDEN**                                          **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

procedural elements essential to the fairness of a proceeding, as described in Whorton, 549 U.S. at 421 . . . ." Id. (cleaned up). And "[a] decision that left sentencing authority, albeit with increased discretion, with sentencing judges . . . could not have announced a watershed rule." Id. (cleaned up) (citation omitted).

Because Dean does not apply retroactively on collateral review, Wilkerson's § 2241 petition does not meet the savings clause requirements of § 2255(e). This Court therefore lacks subject matter jurisdiction to hear his case.

**C.   Writ of Coram Nobis**

As an alternative argument, Wilkerson asks the Court to construe his § 2241 petition as a writ of coram nobis, which would independently provide subject matter jurisdiction (Dkt. No. 67 at 14-16). Even if the Court were to so construe the petition, Wilkerson would still not be entitled to relief.

"Traditionally, the writ is available only to remedy 'factual errors material to the validity and regularity of the legal proceeding itself.'" United States v. Bazuaye, 399 Fed. App'x 822, 823 (4th Cir. 2010) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)). "Because the writ is an 'extraordinary remedy'

**WILKERSON V. WARDEN**                                          **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

that should issue 'only under circumstances compelling such action to achieve justice, an error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available.'" Id. at 824 (cleaned up) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). Indeed, "[t]he Supreme Court has observed that 'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.'" Id. (quoting Carlisle, 517 U.S. at 429).

To be entitled to coram nobis relief in the Fourth Circuit, Wilkerson must demonstrate that: "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" Id. (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). Errors are of the most fundamental character "when a significant change in the law following a conviction means that the defendant was convicted for conduct that is no longer illegal." United States v. Interstate Gen. Co., L.P.,

**WILKERSON V. WARDEN**                                                    **1:18CV211**

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

39 Fed. App'x 870, 873 (4th Cir. 2002); see also Mandel, 862 F.2d at 1075 (granting writ of coram nobis because the petitioners were convicted of acts which "the Supreme Court has held are not within the reach of the federal mail fraud statute").

Here, Wilkerson was tried and convicted of conspiring to distribute and possess with intent to distribute crack cocaine (Count One), and using or carrying a firearm during and in relation to a drug trafficking crime (Counts Two, Three, and Eight) (E.D.N.C. No. 5:96cr167, Dkt. Nos. 91, 102). His conduct remains illegal under current law, and, because that is so, the sentencing court's failure to recognize its discretion under Dean is not an error of the "most fundamental character." Accordingly, Wilkerson is not entitled to coram nobis relief.

### III. CONCLUSION

For the reasons discussed, the Court **DISMISSES WITHOUT PREJUDICE** Wilkerson's § 2241 Petition for lack of subject matter jurisdiction (Dkt. No. 1), and **DENIES AS MOOT** his motion for leave to proceed in forma pauperis (Dkt. No. 39).

**MEMORANDUM OPINION AND
ORDER DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S § 2241 PETITION [DKT. NO. 1]
FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING
AS MOOT HIS MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NO. 39]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the Warden, to transmit copies of both orders to Wilkerson by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

DATED: February 14, 2020

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE